# EXHIBIT "C"

Case 3:16-cv-02227-M   Document 1-5   Filed 08/01/16   Page 2 of 10   PageID 16

FILED
6/30/2016 11:12:36 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-16-03248-D

Cause No. _____

| | | |
|---|---|---|
| ALEXANDER HENDERSON, | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO._____ |
| | § | |
| STATE FARM INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

PLAINTIFF'S ORIGINAL PETITION
AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

ALEXANDER HENDERSON, Plaintiff, complains of STATE FARM INSURANCE COMPANY, Defendant, and for cause of action shows the following:

DISCOVERY LEVEL

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

PARTIES

2. Plaintiff, ALEXANDER HENDERSON, an individual, is a resident of Dallas, Texas. Identification verification details are as follows: Drivers License: xxxxx332 and Social Security Number: xxx-xx-x651. Tex. Civ. Prac. & Rem. Code. § 30.014.

3. Defendant STATE FARM INSURANCE COMPANY is a corporation formed and/or doing business in the State of Texas and may be served with process by serving its Registered Agent, Corporation Service Company, at the Registered Office located at 211 East 7th Street, Suite 620, Austin, TX 78701.

JURISDICTION

4. The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

VENUE

5. Venue is proper in Dallas County, Texas, as all or part of Plaintiff's cause of action arose here.

Plaintiff's Original Petition & Request for Disclosure – Page 1

TRUE
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE

## DAMAGES

6. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. TRCP 47(c)(4).

## FACTS

7. At all relevant times, Plaintiff was the owner of a certain 2011 Dodge Charger vehicle bearing VIN 2B3CL3CG2BH609170 (hereinafter referred to as the "Charger").

8. At all relevant times Plaintiff insured the Charger with Defendant with that policy naming the lender on the Charger as the loss payee. That policy of insurance also included coverage for loss due to theft.

9. On or about December 2014, the Charger was stolen while Plaintiff was out of town.

10. Plaintiff promptly reported the theft to both the local police department and to Defendant.

11. Plaintiff cooperated fully with Defendant's investigation of the claim.

12. At no time did Defendant pay Plaintiff's claim for the loss of the Charger.

13. Plaintiff has continued to make his regular monthly payments to the lender on the Charger from the time of the theft to the present.

14. Plaintiff sent Defendant a written demand for payment of his loss on or about May 6, 2016. To date, Defendant continues to refuse to pay Plaintiff's claim.

## BREACH OF CONTRACT

15. Plaintiff incorporates by reference the factual allegations contained in Paragraphs 7 through 14 above as if fully set forth herein.

16. Plaintiff's damages were the direct and proximate result of Defendant's breach of contract.

17. Plaintiff and Defendant entered into a contract whereby Defendant insured Plaintiff and his vehicle against certain perils, including loss due to theft.

18. Plaintiff suffered a loss due to the theft of his vehicle which should have been paid to Plaintiff and his lender pursuant to the terms of the policy.

19. Plaintiff has demanded performance by Defendant under the contract. However, Defendant refuses, and continues to refuse, to provide policy benefits.

TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

20. All conditions precedent to Defendant's performance have occurred, but Defendant refuses to perform.

21. Defendant has acted unreasonably in failing to pay the claim.

22. Plaintiff has suffered damages as a direct and proximate result of Defendant's breach of contract.

## BREACH OF THE DUTY OF GOOD FAITH

23. Plaintiff incorporates by reference the factual allegations contained in Paragraphs 7 through 14 above as if fully set forth herein.

24. Plaintiff was an insured under an insurance contract issued by Defendant, which gave rise to a duty of good faith and fair dealing. Specifically, Defendant insured Plaintiff and his vehicle against certain perils, including loss due to theft.

25. Defendant breached the duty by denying payment of a covered claim when it knew its liability under the policy was reasonably clear in that it knew that Plaintiff had suffered a loss due to the theft of the vehicle.

26. Plaintiff's damages were the direct and proximate result of Defendant's breach of its duty of good faith and its refusal to deal fairly with Plaintiff.

## DECEPTIVE INSURANCE PRACTICES

27. Plaintiff incorporates by reference the factual allegations contained in Paragraphs 7 through 14 above as if fully set forth herein.

28. Plaintiff is a person as defined by the Texas Insurance Code section 541.002(2).

29. Defendant is a person as defined by the Texas Insurance Code section 541.002(2).

30. Defendant engaged in an act or practice that violated the Texas Insurance Code Chapter 541, Subchapter B. Specifically, Defendant engaged in unfair claims settlement practices when it denied Plaintiff's theft claim after the liability had become reasonably clear.

31. Defendant's wrongful conduct was a producing cause of Plaintiff's injury, which resulted in the damages described herein.

32. Plaintiff gave Defendant notice as required by Texas Insurance Code section 541.154(a). Attached hereto as Exhibit "A" is a true and correct copy of the notice letter sent to Defendant Progressive, which is incorporated herein by this reference.

TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

## DAMAGES

33. Plaintiff incorporates by reference the factual allegations contained in Paragraphs 7 through 32 above as if fully set forth herein.

34. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff suffered damages including the loss of the Charger, loss of use, and monthly payments made after the theft.

35. Plaintiff also requests exemplary damages against Defendant to punish Defendant and to deter others.

36. Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from Defendant's gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

37. Defendant acted knowingly and intentionally which entitles Plaintiff to recover treble damages under Texas Insurance Code section 154.152(b).

## ATTORNEYS FEES

38. Plaintiff incorporates by reference the factual allegations contained in Paragraphs 7 through 37 above as if fully set forth herein.

39. Plaintiff has been forced to retain the services of attorneys, and has incurred reasonable attorney's fees made necessary by Defendant's wrongful conduct.

40. Plaintiff is authorized to recover reasonable and necessary attorney fees under the provisions of the insurance policy and/or section 38.001 of the Texas Civil Practices & Remedies Code in addition to Chapter 541 of the Texas Insurance Code.

41. Plaintiff is therefore entitled to recover from Defendant an additional sum to compensate Plaintiff for a reasonable fee for such attorney's necessary services in the preparation and prosecution of this action, as well as a reasonable fee for any and all necessary appeals to other courts.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited and commanded to appear herein, and, after all proceedings are had, that judgment be entered in favor of Plaintiff and against Defendant for the following:

1. Damages as set forth above;
2. Punitive and treble damages;
3. Attorney's fees;
4. Prejudgment and Postjudgment interest at the maximum rate provided by law;

TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

5.     Costs of suit; and
6.     Such other and further relief to which Plaintiff is justly entitled.

Respectfully Submitted,

HAHN LAW FIRM, P.C.

/s/ Derrick J. Hahn
Derrick J. Hahn
dhahn@hahnlawfirm.com
State Bar No. 24026920
Corey R. Herrick
crherrick@hahnlawfirm.com
State Bar No. 24059940
900 Jackson Street; Suite 180
Dallas, TX 75202
(214) 744-3200
(214) 744-3202 fax

ATTORNEYS FOR PLAINTIFF

TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

## REQUESTS FOR DISCLOSURE

To Defendant STATE FARM INSURANCE COMPANY:

Under Texas Rule of Civil Procedure 194, Defendant is requested to disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 and 194.4. These disclosures shall be served upon the Plaintiff's attorney at 900 Jackson Street, Suite 180, Dallas, Texas 75202.

Respectfully Submitted,

HAHN LAW FIRM, P.C.

/s/ Derrick J. Hahn
Derrick J. Hahn
dhahn@hahnlawfirm.com
State Bar No. 24026920
Corey R. Herrick
crherrick@hahnlawfirm.com
State Bar No. 24059940
900 Jackson Street; Suite 180
Dallas, TX  75202
(214) 744-3200
(214) 744-3202 fax

ATTORNEYS FOR PLAINTIFF

TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

# HAHN LAW FIRM, P.C.

900 JACKSON STREET
SUITE 180
DALLAS, TEXAS 75202
TEL. (214) 744-3200 • FAX (214) 744-3202

SENT VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED #70091680000196938313

May 6, 2016

State Farm Insurance Company
c/o Kennetha Lucas
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis Street, 20th Floor
Houston, TX  77002

RE:   Henderson v. State Farm Insurance Company

Dear Ms. Lucas:

I represent Alexander Henderson with regard to the above referenced matter. As you know, you have insured my client's Dodge Charger for the past several years. That vehicle was stolen on or about the end of 2014 and that theft was reported to both you and the police department by my client shortly after he became aware of the theft.

Despite the fact that my client has cooperated fully with your investigation, you have failed to pay his claim. As a result, my client has incurred regular monthly payments to his lender from the date of the theft through the present. Our investigation has indicated that the vehicle was sold by an impound facility earlier this year without notice to either my client or the lender.

A review of your actions in the handling of this matter indicates that you have acted in bad faith, have committed unfair settlement practices, and violated the Deceptive Trade Practices Act. At this time we are making a final request for payment of the loss which includes the following:

| | |
|---|---:|
| Loss of vehicle | $27,000.00 |
| Payments after loss | $10,528.00 |
| Loss of use | $9,600.00 |
| Treble damages | $141,384.00 |
| Attorney fees | $350.00 |
| Total | $188,862.00 |



Exhibit "A"

If you are interested in resolving this matter prior to the filing of suit, you may contact me at the above address.

Sincerely,

Derrick J. Hahn

cc:   Alex Henderson

DJH/cjh

TRUE AND CORRECT COPY OF ORIGINAL FILED IN DALLAS COUNTY CLERK'S OFFICE

HAHN LAW FIRM, P.C.
900 Jackson Street, Suite 180
Dallas, TX 75202

State Farm Insurance Company
c/o Kennetha Lucas
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis Street Floor 20
Houston TX 77002-5704

7009 1680 0001 9693 8313

**CERTIFIED MAIL**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

State Farm Insurance Company
c/o Kennetha Lucas
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis Street Floor 20
Houston TX 77002-5704

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☐ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
   7009 1680 0001 9693 8313

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540





$6.680
US POSTAGE
FIRST-CLASS
FROM 75202
MAY 06 2016
stamps.com



TRUE AND CORRECT
COPY OF ORIGINAL
FILED IN DALLAS
COUNTY CLERK'S OFFICE